IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RHONDA RENEE WALTON, a/k/a RHONDA RENEE STUBBLEFIELD, a/k/a RHONDA RENEE MCGOWAN,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. MARSHAL GARY BLANKINSHIP,<br><br>*Respondent*. | CIVIL ACTION No. H-18-0801 |

# ORDER

Pending before the Court is a section 2241 habeas petition purportedly filed on behalf of convicted federal detainee Rhonda Renee Walton, a/k/a Rhonda Renee Stubblefield, a/k/a Rhonda Renee McGowan. On February 28, 2018, a Houston federal jury found petitioner guilty of ten counts of theft of government money, wire and mail fraud, aiding and abetting, engaging in monetary transactions in criminally derived property, and aggravated identity theft. *United States v. Stubblefield*, C.A. No. 17-cr-100 (S.D. Tex.). Sentencing is set for May 10, 2018.

Petitioner's cumbersome forty-nine page pleading is difficult to understand, but she appears to argue that the trial court had no right to hold a trial because it ignored her *pro se* "conditional acceptance for setoff settlement and closure for equity" and failed to rebut her *pro se* affidavits for dismissal. She further argues that the trial court accepted her written agreement to comply with a pretrial bond, but then breached the agreement by placing her

in custody following the jury's verdict. Petitioner complains that she is being unlawfully restrained of liberty.

Petitioner did not sign her petition. To the contrary, it is signed by "Edward White-El, Attorney-in-Fact for Shonda Renee Walton, Petitioner, All Rights Reserved." White-El does not disclose a mailing address in the petition; however, the return address on the mailing envelope shows as 3835 Plant Road, Talladega, Alabama. White-El does not identify himself as a licensed attorney, and public records for the State of Alabama do not indicate that he is a licensed attorney. A document entitled "Special Power of Attorney" appears among the exhibits, but petitioner did not sign the document.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf, and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* at 163–64. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Id.* at 164. Assuming *arguendo* that petitioner gave White-El a "special power of attorney,"

2

it is not sufficient to justify "next friend" status in this proceeding. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Consequently, White-El has not shown standing to proceed in this matter, and the petition is subject to dismissal.

Accordingly, the Court **ORDERS** as follows:

1. White-El is **ORDERED** to file, within thirty days from date of this order, a properly-supported and verified motion to proceed as next friend of petitioner for purposes of this habeas proceeding.

2. In the alternative, petitioner may file a *pro se* habeas petition in her own name. To assure authenticity, she must personally sign and verify the petition, and the petition must be mailed from her current custodial facility. The petition must be filed under this case number within thirty days from date of this order.

3. If no motion to proceed as next friend or petition personally signed and mailed by petitioner is filed within thirty days from date of this order, this lawsuit will be dismissed without prejudice for want of jurisdiction and/or failure to prosecute.

4. Petitioner is **ORDERED** to pay the $5.00 filing fee, or file an application to proceed *in forma pauperis* with a certified copy of her current federal detainee trust account statement, within thirty days from date of this order. Petitioner's failure to comply with this order will result in dismissal of this lawsuit.

Signed at Houston, Texas, on this the ___ day of March, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3