IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHONDA RENEE STUBBLEFIELD, § <br> a/k/a SHONDA RENEE WALTON, § <br> a/k/a SHONDA RENEE MCGOWAN, § <br> § <br> *Petitioner*, § <br> § <br> v. § <br> § <br> U.S. MARSHAL GARY § <br> BLANKINSHIP, § <br> § <br> *Respondent*. § | CIVIL ACTION No. H-18-0801 |

## ORDER OF DISMISSAL

Pending before the Court is a section 2241 habeas petition purportedly filed on behalf of convicted federal detainee Shonda Renee Stubblefield, a/k/a Shonda Renee Walton, a/k/a Shonda Renee McGowan.[1] The petition is **DISMISSED WITHOUT PREJUDICE** for the reasons shown below.

### I. Background and Claims

On February 28, 2018, a Houston federal jury found petitioner guilty of ten counts of theft of government money, wire and mail fraud, aiding and abetting, engaging in monetary transactions in criminally derived property, and aggravated identity theft. *United States v. Stubblefield*, C.A. No. 17-cr-100 (S.D. Tex.). Sentencing is set for May 10, 2018.

---

[1] Public records for the Federal Bureau of Prisons identify petitioner as "Shondra Renee Stubblefield, Register Number: 26204-479." Petitioner was indicted and convicted under the name "Shonda Renee Stubblefield."

Petitioner's cumbersome forty-nine page pleading is difficult to understand, but she appears to argue that the trial court had no right to hold a trial because it ignored her *pro se* "conditional acceptance for setoff settlement and closure for equity" and failed to rebut her *pro se* affidavits for dismissal. She further argues that the trial court accepted her written agreement to comply with a pretrial bond, but then breached the agreement by placing her in custody following the jury's verdict. Petitioner complains that she is being unlawfully restrained of liberty and seeks release from custody.

## II. Analysis

Petitioner did not sign her petition. To the contrary, it is signed by "Edward White-El, Attorney-in-Fact for Shonda Renee Walton, Petitioner, All Rights Reserved." White-El does not disclose a mailing address in the petition; however, the return address on the mailing envelope appears as 3835 Plant Road, Talladega, Alabama. White-El does not identify himself as a licensed attorney, and public records for the State of Alabama do not indicate that he is a licensed attorney. A document entitled "Special Power of Attorney" appears among the exhibits, but petitioner's personal signature does not appear on the document.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" 28 U.S.C. § 2242 (emphasis added). In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to

2

whomever seeks to pursue an action on behalf of another." *Id.* at 163. A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf, and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* at 163–64. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Id.* at 164. Assuming *arguendo* that petitioner gave White-El a "special power of attorney," it does not, standing alone, suffice to justify "next friend" status in this habeas proceeding. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Consequently, White-El does not show standing to proceed in this matter, and the petition is subject to dismissal.

In the interest of justice, the Court ordered White-El to file a properly-supported and verified motion to proceed as next friend of petitioner for purposes of this proceeding. White-El did not comply. Instead, he filed a document entitled "Judicial Notice," complaining that petitioner is unable to file her own habeas petition because she is incarcerated, and that the special power of attorney establishes any necessary significant relationship allowing him to proceed as next friend for petitioner. (Docket Entry No. 6.)

White-El does not establish that he has standing to pursue this habeas petition as next friend for Shonda Renee Stubblefield. That petitioner is in federal custody pending sentencing does not constitute proof that she is unable to represent herself. Moreover, a

"special power of attorney," standing alone, is insufficient to bestow standing upon White-El under *Whitmore* to file and pursue this habeas proceeding on petitioner's behalf.

### III. Conclusion

The petition is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED**. This dismissal does not prevent petitioner's filing of a *pro se* section 2241 petition that she herself personally signs or a petition filed on her behalf by a licensed attorney.

The Clerk of Court shall provide a copy of this order to White-El at his address of record and to:

  Shondra (Shonda) Renee Stubblefield
  Register Number: 26204-479
  FDC Houston
  Federal Detention Center
  P.O. Box 526255
  Houston, TX 77052

Signed at Houston, Texas, on this the 10th day of April, 2018.

                                      KEITH P. ELLISON
                                      UNITED STATES DISTRICT JUDGE